Fill in this information to identify your case:

Debtor 1  **Pamela   Ann   Burrage**
          First Name    Middle Name    Last Name

Debtor 2  _____
(Spouse, if filing) First Name    Middle Name    Last Name

United States Bankruptcy Court for the: _____ District of _____

Case number  **25-03062**
(If known)

# Official Form 427
## Cover Sheet for Reaffirmation Agreement    12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

### Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

1. **Who is the creditor?**  Singing River Federal Credit
   Name of the creditor

2. **How much is the debt?**
   On the date that the bankruptcy case is filed   $ 23,529.14
   To be paid under the reaffirmation agreement   $ 23,529.14
   $ 625.90 per month for 47 months (if fixed interest rate)

3. **What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)**
   Before the bankruptcy case was filed  14.49 %
   Under the reaffirmation agreement  14.49 %  ☑ Fixed rate   ☐ Adjustable rate

4. **Does collateral secure the debt?**
   ☐ No
   ☑ Yes.  Describe the collateral.  2022 Toyota Camry SE
   Current market value  $ 22,675.00

5. **Does the creditor assert that the debt is nondischargeable?**
   ☑ No
   ☐ Yes.  Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

6. **Using information from *Schedule I: Your Income* (Official Form 106I) and *Schedule J: Your Expenses* (Official Form 106J), fill in the amounts.**

   Income and expenses reported on Schedules I and J

   6a. Combined monthly income from line 12 of Schedule I   $ 2,325.97
   6b. Monthly expenses from line 22c of Schedule J   – $ 2,325.78
   6c. Monthly payments on all reaffirmed debts not listed on Schedule J   – $ 0.00
   6d. Scheduled net monthly income   $ 0.19
       Subtract lines 6b and 6c from 6a.
       If the total is less than 0, put the number in brackets.

   Income and expenses stated on the reaffirmation agreement

   6e. Monthly income from all sources after payroll deductions   $ 2,325.97
   6f. Monthly expenses   – $ 2,325.78
   6g. Monthly payments on all reaffirmed debts not included in monthly expenses   – $ 0.00
   6h. Present net monthly income   $ 0.19
       Subtract lines 6f and 6g from 6e.
       If the total is less than 0, put the number in brackets.

Official Form 427           Cover Sheet for Reaffirmation Agreement           page 1

| Debtor 1 | _____ | Case number (if known) 25-03062 _____ |
|---|---|---|
| | First Name    Middle Name    Last Name | |

| 7. Are the income amounts on lines 6a and 6e different? | ☒ No ☐ Yes. Explain why they are different and complete line 10. _____ |
|---|---|

| 8. Are the expense amounts on lines 6b and 6f different? | ☒ No ☐ Yes. Explain why they are different and complete line 10. _____ |
|---|---|

| 9. Is the net monthly income in line 6h less than 0? | ☒ No ☐ Yes. A presumption of hardship arises (unless the creditor is a credit union). Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10. _____ |
|---|---|

| 10. Debtor's certification about lines 7-9 | I certify that each explanation on lines 7-9 is true and correct. |
|---|---|
| If any answer on lines 7-9 is *Yes*, the debtor must sign here. | ✗ _____     ✗ _____ |
| If all the answers on lines 7-9 are *No*, go to line 11. | Signature of Debtor 1                Signature of Debtor 2 (Spouse Only in a Joint Case) |

| 11. Did an attorney represent the debtor in negotiating the reaffirmation agreement? | ☐ No ☒ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement? ☐ No ☒ Yes |
|---|---|

## Part 2: Sign Here

Whoever fills out this form must sign here.

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement*.

✗ _Jessica Davis_ (signature)        Date 12/30/25
Signature                                                           MM / DD / YYYY

_Jessica Davis_
Printed Name

Check one:

☐ Debtor or Debtor's Attorney
☐ Creditor or Creditor's Attorney

Form 2400A (12/15)

> Check one.
> ☐ Presumption of Undue Hardship
> ☒ No Presumption of Undue Hardship
> *See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT

In re  Pamela A. Burrage
    *Debtor*

Case No. 25-03062

Chapter 7

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** SINGING RIVER FEDERAL CREDIT UNION

☑ Check this box if Creditor is a Credit Union

### PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: AUTO LOAN
    *For example, auto loan*

B. ***AMOUNT REAFFIRMED***:    $          23,529.14

   The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before 12/30/2025, which is the date of the Disclosure Statement portion of this form (Part V).

   *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The ***ANNUAL PERCENTAGE RATE*** applicable to the Amount Reaffirmed is 14.4900 %.

   *See definition of "Annual Percentage Rate" in Part V, Section C below.*

   This is a *(check one)* ☑ Fixed rate    ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

Form 2400A, Reaffirmation Documents                                                                                                  Page 2

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

[X]  $ 625.90  per month for  47  months starting on 12/31/2025.

[ ]  Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

E. Describe the collateral, if any, securing the debt:

Description:  2022 TOYOTA CAMRY SE
Current Market Value  $  22,675.00

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

[✔] Yes.  What was the purchase price for the collateral?   $  29,855.20

[ ] No.   What was the amount of the original loan?   $ _____

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $ 23,529.14 | $ 23,529.14 |
| Annual Percentage Rate | 14.4900 % | 14.4900 % |
| Monthly Payment | $ 625.90 | $ 625.90 |

H. [ ] Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

## PART II.   DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

Check one.   [X] Yes     [ ] No

B. Is the creditor a credit union?

Check one.   [X] Yes     [ ] No

Form 2400A, Reaffirmation Documents                                                                                                  Page 3

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

    1. Your present monthly income and expenses are:

        a. Monthly income from all sources after payroll deductions
(take-home pay plus any other income)                                      $_____

        b. Monthly expenses (including all reaffirmed debts except
this one)                                                                                           $_____

        c. Amount available to pay this reaffirmed debt (subtract b. from a.)   $_____

        d. Amount of monthly payment required for this reaffirmed debt      $_____

    *If the monthly payment on this reaffirmed debt (line d.) **is greater than** the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

    2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

    Check one of the two statements below, if applicable:

    ☐ You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

    ☐ You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

    Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

    [x] You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

Form 2400A, Reaffirmation Documents                                                                                                  Page 4

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I agree to reaffirm the debt described above.

(2) Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date  1/22/26            Signature  *Pamela A. Burrage*
                                                      Debtor

Date  _____    Signature  _____
                                                      Joint Debtor, if any

**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor  JESSICA DAVIS                      4400 HWY 39N MERIDIAN, MS 39301
                Print Name                                      Address

           JESSICA DAVIS              *Jessica Davis*              12/30/2025
   Print Name of Representative             Signature                  Date

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date  01/16/2026    Signature of Debtor's Attorney  /s/ Thomas Carl Rollins, Jr.

                    Print Name of Debtor's Attorney    **Thomas Carl Rollins Jr.**



**MUNA FEDERAL CREDIT UNION**
PO BOX 3338
MERIDIAN  MS 39303



## LOAN AND SECURITY AGREEMENTS AND DISCLOSURE STATEMENT

| LOAN DATE | LOAN NUMBER | ACCOUNT NUMBER | GROUP POLICY NUMBER | MATURITY DATE |
|---|---|---|---|---|
| 7/20/23 | 500 | 61-3140-500 | 023-0163-9 | 7/30/29 |

| BORROWER 1 | BORROWER 2 |
|---|---|
| NAME AND ADDRESS | NAME (AND ADDRESS IF DIFFERENT FROM BORROWER 1) |
| PAMELA BURRAGE<br>2016 OBIE CLARK AVE<br>MERIDIAN  MS 39301-1959 | TYSHONDA G BURRAGE<br>4524 HIGHWAY 39 NORTH   APT. B-10<br>MERIDIAN  MS 39301 |

### TRUTH IN LENDING DISCLOSURE 'e' means an estimate

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit is $45,063.43 which includes your downpayment of $ . |
| 14.490 % | $ 15,208.23 | $ 29855.20 | $ 45,063.43 | |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due | |
|---|---|---|---|
| 71 | $ 625.90 | 8/30/23 | MONTHLY PAYMENT   THEREAFTER |
| 1 | $ 624.53 | 7/30/29 | |

**Prepayment:** If you pay off early you will not have to pay a penalty.

**Required Deposit:** The Annual Percentage Rate does not take into account your required deposit, if any.

☐ **Assumption:** Someone buying your mobile home cannot assume the remainder of the loan on the original terms.

**Demand:** ☐ This obligation has a demand feature.
☐ All disclosures are based on an assumed maturity of one year.

**Property Insurance:** You may obtain property insurance from anyone you want that is acceptable to the credit union. If you get the insurance from us, you will pay $

**Late Charge:** If you are fifteen or more days late in making a payment, you will be charged a late fee of $15.00.

**Filing Fees**   **Non-Filing Insurance**
$                  $

**Security:** Collateral securing other loans with the credit union may also secure this loan. You are giving a security interest in your shares and dividends and, if any, your deposits and interest in the credit union; and the property described below:

| Collateral | Property/Model/Make | Year | I.D. Number | Type | Value | Key Number |
|---|---|---|---|---|---|---|
| TOYOTA | CAMRY SE | 22 | 4T1G11AK9NU625011 | A | $ 30900.00 | |
| | | | | | $ | |
| | | | | | $ | |

Other (Describe)
Pledge of Shares $           in Account No.           $           in Account No.

See your contract documents for any additional information about nonpayment, default, and any required repayment in full before the scheduled date.

### SIGNATURES

By signing as Borrower, you agree to the terms of the Loan Agreement. If property is described in the "Security" section of the Truth in Lending Disclosure, you also agree to the terms of the Security Agreement. If you sign as "Owner of Property" you agree only to the terms of the Security Agreement.

**CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THE AGREEMENT BEFORE YOU SIGN IT.**

X *Pamela Ann Burrage*   07/20/2023 (SEAL)
BORROWER 1                               DATE

X *Tyshonda Burrage*   07/20/2023 (SEAL)
BORROWER 2                               DATE

X _____ (SEAL)
☐ OTHER BORROWER  ☐ OWNER OF PROPERTY  ☐ WITNESS   DATE

X _____ (SEAL)
☐ OTHER BORROWER  ☐ OWNER OF PROPERTY  ☐ WITNESS   DATE

© CUNA MUTUAL GROUP, 1999, 2000, 01, 02, 05, 06, 08, ALL RIGHTS RESERVED                    NXX028 (LASER)

eDOCSignature CUA3820.898AAD14484D4A208AF756E9D50883D3
Created 07/20/2023 12:43:20 By LATOSHA.DIXON@CUA3820 Locked 07/20/2023 13:54:42

| Credit Union | MUNA FEDERAL CREDIT UNION | Loan No. 500 | Acct. No. ███████ |
|---|---|---|---|
| Borrower(s) | PAMELA BURRAGE | | |

## ITEMIZATION OF THE AMOUNT FINANCED

| Itemization of Amount Financed of $29855.20 | Amount Given to You Directly $ | Amount Paid on Your Account $ | Prepaid Finance Charge $ |
|---|---|---|---|

**Amounts Paid to Others on Your Behalf:** (If an amount is marked with an asterisk (*) we will be retaining a portion of the amount.)

| $ 29,855.20 | To JOHN ONEIL TOYOTA | $ | To |
| $ | To | $ | To |
| $ | To | $ | To |
| $ | To | $ | To |
| $ | To | $ | To |
| $ | To | $ | To |

## LOAN AGREEMENT

In this Loan Agreement ("Agreement") all references to "Credit Union," "we," "our," or "us," mean the Credit Union whose name appears above and anyone to whom the Credit Union assigns or transfers this Agreement. All references to "you," or "your" mean each person who signs this Agreement as a borrower.

**1. PROMISE TO PAY** - You promise to pay $ 625.90 to the Credit Union plus interest on the unpaid balance until what you owe has been repaid. For fixed rate loans the interest rate is 14.490 % per year.

**Collection Costs:**
You agree to pay all costs of collecting the amount you owe under this Agreement, including reasonable attorney fees not exceeding 20% of the principal and interest due and all court costs.

**2. PAYMENTS** - You promise to make payments of the amount and at the time shown in the Truth in Lending Disclosure. You may prepay any amount without penalty. If you prepay any part of what you owe, you are still required to make the regularly scheduled payments, unless we have agreed to a change in the payment schedule. Because this is a simple interest loan, if you do not make payments exactly as scheduled, your final payment may be more or less than the amount of the final payment that is disclosed. If you elect credit insurance, we will either include the premium in your payments or extend the term of your loan. If the term is extended, you will be required to make additional payments of the scheduled amount, until what you owe has been paid. You promise to make all payments to the place we choose. If this loan refinances another loan we have with you, the other loan will be canceled and refinanced as of the date of this loan. Unless otherwise required by law, payments will be applied to amounts owed in the manner we choose.
**3. LOAN PROCEEDS BY MAIL** - If the proceeds of this loan are mailed to you, interest on this loan begins on the date the loan proceeds are mailed to you.
**4. SECURITY FOR LOAN** - This Agreement is secured by all property described in the "Security" section of the Truth in Lending Disclosure. Property securing other loans you have with us also secures this loan, unless the property is a dwelling. A dwelling secures this loan only if it is described in the "Security" section of the Truth in Lending Disclosure for this loan. In addition to your pledge of shares, we may also have what is known as a statutory lien on all individual and joint accounts you have with us. A statutory lien means we have the right under federal law and many state laws to claim an interest in your accounts. We can enforce a statutory lien against your shares and dividends, and if any, interest and deposits, in all individual and joint accounts you have with us to satisfy any outstanding financial obligation that is due and payable to us. We may exercise our right to enforce this lien without further notice to you, to the extent permitted by law. *For all borrowers:* You pledge as security for this loan all shares and dividends and, if any, all deposits and interest in all joint and individual accounts you have with the credit union now and in the future. **The statutory lien and/or your pledge will allow us to apply the funds in your account(s) to what you owe when you are in default.** The statutory lien and your pledge do not apply to any Individual Retirement Account or any other account that would lose special tax treatment under state or federal law if given as security.
**5. DEFAULT** - You will be in default under this Agreement if you do not make a payment of the amount required on or before the date it is due. You will be in default if you break any promise you made in connection with this loan or if anyone is in default under any security agreement made in connection with this Agreement. You will be in default if you die, file for bankruptcy, become insolvent (that is, unable to pay your bills and loans as they become due), or if you made any false or misleading statements in your loan application. You will also be in default if something happens that we believe may seriously affect your ability to repay what you owe under this Agreement or if you are in default under any other loan agreement you have with us.
**6. ACTIONS AFTER DEFAULT** - When you are in default, we may demand immediate payment of the entire unpaid balance under this Agreement. You waive any right you have to receive demand for payment, notice of intent to demand immediate payment and notice of demand for immediate payment. If we demand immediate payment, you will continue to pay interest at the rate provided for in this Agreement, until what you owe has been repaid. We will also apply against what you owe any shares and/or deposits given as security under this Agreement. We may also exercise any other rights given by law when you are in default.
**7. EACH PERSON RESPONSIBLE** - Each person who signs this Agreement will be individually and jointly responsible for paying the entire amount owed under this Agreement. This means we can enforce our rights against any one of you individually or against all of you together.
**8. LATE CHARGE** - If you are late in making a payment, you promise to pay the late charge shown in the Truth in Lending Disclosure. If no late charge is shown, you will not be charged one.
**9. DELAY IN ENFORCING RIGHTS** - We can delay enforcing any of our rights under this Agreement any number of times without losing the ability to exercise our rights later. We can enforce this Agreement against your heirs or legal representatives.
**10. CONTINUED EFFECTIVENESS** - If any part of this Agreement is determined by a court to be unenforceable, the rest will remain in effect.
**11. NOTICES** - Notices will be sent to you at the most recent address you have given us in writing. Notice to any one of you will be notice to all.
**12. USE OF ACCOUNT** - You promise to use your account for consumer (personal, family or household) purposes, unless the credit union gives you written permission to use the account also for agricultural or commercial purposes, or to purchase real estate.
**13. NO ORAL AGREEMENTS -- THIS NOTE CONSTITUTES A "WRITTEN LOAN AGREEMENT" PURSUANT TO SECTION 26.02 OF THE TEXAS BUSINESS AND COMMERCE CODE, IF SUCH SECTION APPLIES. THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**
**14. OTHER PROVISIONS -**

© CUNA MUTUAL GROUP, 1999, 2000, 01, 02, 05, 06, 08, ALL RIGHTS RESERVED

NXX028 (LASER)

eDOCSignature CUA3820.898AAD14484D4A208AF756E9D50883D3
Created 07/20/2023 12:43:20 By LATOSHA.DIXON@CUA3820 Locked 07/20/2023 13:54:42

| Credit Union | MUNA FEDERAL CREDIT UNION | Loan No. 500 | Acct. No. 613140-500 |
|---|---|---|---|
| Borrower(s) | PAMELA BURRAGE | | |

## SECURITY AGREEMENT

In this Agreement all references to "credit union," "we," "our" or "us" mean the credit union whose name appears on this document and anyone to whom the credit union assigns or transfers this Agreement. All references to the "Loan" mean the loan described in the Loan Agreement that is part of this document. All references to "you" or "your" mean any person who signs this Agreement.

**1. THE SECURITY FOR THE LOAN** - You give us what is known as a security interest in the property described in the "Security" section of the Truth in Lending Disclosure that is part of this document ("the Property"). The security interest you give includes all accessions. Accessions are things which are attached to or installed in the Property now or in the future. The security interest also includes any replacements for the Property which you buy within 10 days of the Loan and any extensions, renewals or refinancings of the Loan. It also includes any money you receive from selling the Property or from insurance you have on the Property. If the value of the Property declines, you promise to give us more property as security if asked to do so.

**2. WHAT THE SECURITY INTEREST COVERS/CROSS COLLATERAL PROVISIONS** - The security interest secures the Loan and any extensions, renewals or refinancings of the Loan. **If the Property is not a dwelling, the security interest also secures any other loans, including any credit card loan, you have now or receive in the future from us and any other amounts you owe us for any reason now or in the future, except any loan secured by your principal residence.** If the Property is household goods as defined by the Federal Trade Commission Credit Practices Rule or your principal residence, the Property will secure only this Loan and not other loans or amounts you owe us.

**3. OWNERSHIP OF THE PROPERTY** - You promise that you own the Property or, if this Loan is to buy the Property, you promise you will use the Loan proceeds for that purpose. You promise that no one else has any interest in or claim against the Property that you have not already told us about. You promise not to sell or lease the Property or to use it as security for a loan with another creditor until the Loan is repaid. You promise you will allow no other security interest or lien to attach to the Property either by your actions or by operation of law.

**4. PROTECTING THE SECURITY INTEREST** - If your state issues a title for the Property, you promise to have our security interest shown on the title. We may have to file what is called a financing statement to protect our security interest from the claims of others. You irrevocably authorize us to execute (on your behalf), if applicable, and file one or more financing, continuation or amendment statements pursuant to the Uniform Commercial Code (UCC) in form satisfactory to us. You promise to do whatever else we think is necessary to protect our security interest in the Property. You also promise to pay all costs, including but not limited to any attorney fees, we incur in protecting our security interest and rights in the Property, to the extent permitted by applicable law.

**5. USE OF PROPERTY** - Until the Loan has been paid off, you promise you will: (1) Use the Property carefully and keep it in good repair. (2) Obtain our written permission before making major changes to the Property or changing the address where the Property is kept. (3) Inform us in writing before changing your address. (4) Allow us to inspect the Property. (5) Promptly notify us if the Property is damaged, stolen or abused. (6) Not use the Property for any unlawful purpose. (7) Not retitle Property in another state without telling us.

**6. PROPERTY INSURANCE, TAXES AND FEES** - You promise to pay all taxes and fees (like registration fees) due on the Property and to keep the Property insured against loss and damage. The amount and coverage of the property insurance must be acceptable to us. You may provide the property insurance through a policy you already have, or through a policy you get and pay for. You promise to make the insurance policy payable to us and to deliver the policy or proof of coverage to us if asked to do so.
If you cancel your insurance and get a refund, we have a right to the refund. If the Property is lost or damaged, we can use the insurance settlement to repair the Property or apply it towards what you owe. You authorize us to endorse any draft or check which may be payable to you in order for us to collect any refund or benefits due under your insurance policy.
If you do not pay the taxes or fees on the Property when due or keep it insured, we may pay these obligations, but we are not required to do so. Any money we spend for taxes, fees or insurance will be added to the unpaid balance of the Loan and you will pay interest on those amounts at the same rate you agreed to pay on the Loan. We may receive payments in connection with the insurance from a company which provides the insurance. We may monitor our loans for the purpose of determining whether you and other borrowers have complied with the insurance requirements of our loan agreements or may engage others to do so. The insurance charge added to the Loan may include (1) the insurance company's payments to us and (2) the cost of determining compliance with the insurance requirements. If we add amounts for taxes, fees or insurance to the unpaid balance of the Loan, we may increase your payments to pay the amount added within the term of the insurance or term of the Loan.

**7. INSURANCE NOTICE** - If you do not purchase the required property insurance, the insurance we may purchase and charge you for will cover only our interest in the Property. The premium for this insurance may be higher because the insurance company may have given us the right to purchase insurance after uninsured collateral is lost or damaged. **The insurance will not be liability insurance and will not satisfy any state financial responsibility or no fault laws.**

**8. DEFAULT** - You will be in default if you break any promise you make or fail to perform any obligation you have under this Agreement. You will be in default if any property you have given us as security is repossessed by someone else, seized under a forfeiture or similar law, or if anything else happens that significantly affects the value of the property or our security interest in it. You will also be in default under this Agreement if the Loan is in default.

**9. WHAT HAPPENS IF YOU ARE IN DEFAULT** - When you are in default, we may demand immediate payment of the outstanding balance of the Loan without giving you advance notice and take possession of the Property. You agree the Credit Union has the right to take possession of the Property without judicial process if this can be done without breach of the peace. If we ask, you promise to deliver the Property at a time and place we choose. If the property is a motor vehicle or boat, you agree that we may obtain a key or other device necessary to unlock and operate it, when you are in default. We will not be responsible for any other property not covered by this Agreement that you leave inside the Property or that is attached to the Property. We will try to return that property to you or make it available for you to claim.
After we have possession of the Property, we can sell it and apply the money to any amounts you owe us. We will give you notice of any public disposition or the date after which a private disposition will be held. Our expenses for taking possession of and selling the Property will be deducted from the money received from the sale. Those costs may include the cost of storing the Property, preparing it for sale and attorney's fees to the extent permitted under state law or awarded under the Bankruptcy Code.
If you have agreed to pay the Loan, you must pay any amount that remains unpaid after the sale money has been applied to the unpaid balance of the Loan and to what you owe under this Agreement. You agree to pay interest on that amount at the same rate as the Loan until that amount has been paid.

**10. DELAY IN ENFORCING RIGHTS AND CHANGES IN THE LOAN** - We can delay enforcing any of our rights under this Agreement any number of times without losing the ability to exercise our rights later. We can enforce this Agreement against your heirs or legal representatives. If we change the terms of the Loan, you agree that this Agreement will remain in effect.

**11. CONTINUED EFFECTIVENESS** - If any part of this Agreement is determined by a court to be unenforceable, the rest will remain in effect.

**12. NORTH DAKOTA NOTICE TO BORROWERS PURCHASING A MOTOR VEHICLE** - THE MOTOR VEHICLE IN THIS TRANSACTION MAY BE SUBJECT TO REPOSSESSION. IF IT IS REPOSSESSED AND SOLD TO SOMEONE ELSE, AND ALL AMOUNTS DUE TO THE SECURED PARTY ARE NOT RECEIVED IN THAT SALE, YOU MAY HAVE TO PAY THE DIFFERENCE.

**13. NOTICE FOR ARIZONA OWNERS OF PROPERTY** - It is unlawful for you to fail to return a motor vehicle that is subject to a security interest, within thirty days after you have received notice of default. The notice will be mailed to the address you gave us. It is your responsibility to notify us if your address changes. The maximum penalty for unlawful failure to return a motor vehicle is one year in prison and/or a fine of $150,000.00.

☐ *The following notice applies ONLY when the box at left is marked.*
**14. NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**15. OTHER PROVISIONS** -

© CUNA MUTUAL GROUP, 1999, 2000, 01, 02, 05, 06, 08, ALL RIGHTS RESERVED                    NXX028 (LASER)

eDOCSignature CUA3820.898AAD14484D4A208AF756E9D50883D3
Created 07/20/2023 12:43:20 By LATOSHA.DIXON@CUA3820 Locked 07/20/2023 13:54:42

| Credit Union | MUNA FEDERAL CREDIT UNION | Loan No. 500 |
|---|---|---|
| | PAMELA BURRAGE | |

| BORROWER 1 NAME AND ADDRESS | BORROWER 2 NAME (AND ADDRESS IF DIFFERENT FROM BORROWER 1) |
|---|---|
| PAMELA BURRAGE | TYSHONDA G BURRAGE |
| 2016 OBIE CLARK AVE | 4524 HIGHWAY 39 NORTH   APT. B-10 |
| MERIDIAN  MS 39301-1959 | MERIDIAN  MS 39301 |

OWNER OF COLLATERAL NAME AND ADDRESS

| Collateral | Property/Model/Make | Year | I.D. Number | Lien Amount | Value | Key Number |
|---|---|---|---|---|---|---|
| TOYOTA | CAMRY SE | 22 | 4T1G11AK9NU625011 | $ .00 | $ 30900.00 | |
| | | | | $ | $ | |
| | | | | $ | $ | |

Other (Describe)
Pledge of Shares  $_____ in Account No. _____   $_____ in Account No. _____

## SECURITY AGREEMENT

In this Agreement all references to "credit union," "we," "our" or "us" mean the credit union whose name appears on this document and anyone to whom the credit union assigns or transfers this Agreement. All references to the "Loan" mean the loan described in the Loan Agreement that is part of this document. All references to "you," or "your" mean any person who signs this Agreement.

**1. THE SECURITY FOR THE LOAN** - You give us what is known as a security interest in the property described in the "Security" section of the Truth in Lending Disclosure that is part of this document ("the Property"). The security interest you give includes all accessions. Accessions are things which are attached to or installed in the Property now or in the future. The security interest also includes any replacements for the Property which you buy within 10 days of the Loan and any extensions, renewals or refinancings of the Loan. It also includes any money you receive from selling the Property or from insurance you have on the Property. If the value of the Property declines, you promise to give us more property as security if asked to do so.

**2. WHAT THE SECURITY INTEREST COVERS/CROSS COLLATERAL PROVISIONS** - The security interest secures the Loan and any extensions, renewals or refinancings of the Loan. If the Property is not a dwelling, the security interest also secures any other loans, including any credit card loan, you have now or receive in the future from us and any other amounts you owe us for any reason now or in the future, except any loan secured by your principal residence. If the Property is household goods as defined by the Federal Trade Commission Credit Practices Rule or your principal residence, the Property will secure only this Loan and not other loans or amounts you owe us.

**3. OWNERSHIP OF THE PROPERTY** - You promise that you own the Property or, if this Loan is to buy the Property, you promise you will use the Loan proceeds for that purpose. You promise that no one else has any interest in or claim against the Property that you have not already told us about. You promise not to sell or lease the Property or to use it as security for a loan with another creditor until the Loan is repaid. You promise you will allow no other security interest or lien to attach to the Property either by your actions or by operation of law.

**4. PROTECTING THE SECURITY INTEREST** - If your state issues a title for the Property, you promise to have our security interest shown on the title. We may have to file what is called a financing statement to protect our security interest from the claims of others. You irrevocably authorize us to execute (on your behalf), if applicable, and file one or more financing, continuation or amendment statements pursuant to the Uniform Commercial Code (UCC) in form satisfactory to us. You promise to do whatever else we think is necessary to protect our security interest in the Property. You also promise to pay all costs, including but not limited to any attorney fees, we incur in protecting our security interest and rights in the Property, to the extent permitted by applicable law.

**5. USE OF PROPERTY** - Until the Loan has been paid off, you promise you will: (1) Use the Property carefully and keep it in good repair. (2) Obtain our written permission before making major changes to the Property or changing the address where the Property is kept. (3) Inform us in writing before changing your address. (4) Allow us to inspect the Property. (5) Promptly notify us if the Property is damaged, stolen or abused. (6) Not use the Property for any unlawful purpose. (7) Not retitle Property in another state without telling us.

**6. PROPERTY INSURANCE, TAXES AND FEES** - You promise to pay all taxes and fees (like registration fees) due on the Property and to keep the Property insured against loss and damage. The amount and coverage of the property insurance must be acceptable to us. You may provide the property insurance through a policy you already have, or through a policy you get and pay for. You promise to make the insurance policy payable to us and to deliver the policy or proof of coverage to us if asked to do so.

If you cancel your insurance and get a refund, we have a right to the refund. If the Property is lost or damaged, we can use the insurance settlement to repair the Property or apply it towards what you owe. You authorize us to endorse any draft or check which may be payable to you in order for us to collect any refund or benefits due under your insurance policy.

If you do not pay the taxes or fees on the Property when due or keep it insured, we may pay these obligations, but we are not required to do so. Any money we spend for taxes, fees or insurance will be added to the unpaid balance of the Loan and you will pay interest on those amounts at the same rate you agreed to pay on the Loan. We may receive payments in connection with the insurance from a company which provides the insurance. We may monitor our loans for the purpose of determining whether you and other borrowers have complied with the insurance requirements of our loan agreements or may engage others to do so. The insurance charge added to the Loan may include (1) the insurance company's payments to us and (2) the cost of determining compliance with the insurance requirements. If we add amounts for taxes, fees or insurance to the unpaid balance of the Loan, we may increase your payments to pay the amount added within the term of the insurance or term of the Loan.

**7. INSURANCE NOTICE** - If you do not purchase the required property insurance, the insurance we may purchase and charge you for will cover only our interest in the Property. The premium for this insurance may be higher because the insurance company may have given us the right to purchase insurance after uninsured collateral is lost or damaged. The insurance will not be liability insurance and will not satisfy any state financial responsibility or no fault laws.

**8. DEFAULT** - You will be in default if you break any promise you make or fail to perform any obligation you have under this Agreement. You will be in default if any property you have given us as security is repossessed by someone else, seized under a forfeiture or similar law, or if anything else happens that significantly affects the value of the property or our security interest in it. You will also be in default under this Agreement if the Loan is in default.

**9. WHAT HAPPENS IF YOU ARE IN DEFAULT** - When you are in default, we may demand immediate payment of the outstanding balance of the Loan without giving you advance notice and take possession of the Property. You agree the Credit Union has the right to take possession of the Property without judicial process if this can be done without breach of the peace. If we ask, you promise to deliver the Property at a time and place we choose. If the property is a motor vehicle or boat, you agree that we may obtain a key or other device necessary to unlock and operate it, when you are in default. We will not be responsible for any other property not covered by this Agreement that you leave inside the Property or that is attached to the Property. We will try to return that property to you or make it available for you to claim.

After we have possession of the Property, we can sell it and apply the money to any amounts you owe us. We will give you notice of any public disposition or the date after which a private disposition will be held. Our expenses for taking possession of and selling the Property will be deducted from the money received from the sale. Those costs may include the cost of storing the Property, preparing it for sale and attorney's fees to the extent permitted under state law or awarded under the Bankruptcy Code.

If you have agreed to pay the Loan, you must pay any amount that remains unpaid after the sale money has been applied to the unpaid balance of the Loan and to what you owe under this Agreement. You agree to pay interest on that amount at the same rate as the Loan until that amount has been paid.

**10. DELAY IN ENFORCING RIGHTS AND CHANGES IN THE LOAN** - We can delay enforcing any of our rights under this Agreement any number of times without losing the ability to exercise our rights later. We can enforce this Agreement against your heirs or legal representatives. If we change the terms of the Loan, you agree that this Agreement will remain in effect.

**11. CONTINUED EFFECTIVENESS** - If any part of this Agreement is determined by a court to be unenforceable, the rest will remain in effect.

**12. NORTH DAKOTA NOTICE TO BORROWERS PURCHASING A MOTOR VEHICLE** - THE MOTOR VEHICLE IN THIS TRANSACTION MAY BE SUBJECT TO REPOSSESSION. IF IT IS REPOSSESSED AND SOLD TO SOMEONE ELSE, AND ALL AMOUNTS DUE TO THE SECURED PARTY ARE NOT RECEIVED IN THAT SALE, YOU MAY HAVE TO PAY THE DIFFERENCE.

**13. NOTICE FOR ARIZONA OWNERS OF PROPERTY** - It is unlawful for you to fail to return a motor vehicle that is subject to a security interest, within thirty days after you have received notice of default. The notice will be mailed to the address you gave us. It is your responsibility to notify us if your address changes. The maximum penalty for unlawful failure to return a motor vehicle is one year in prison and/or a fine of $150,000.00.

☐ *The following notice applies ONLY when the box at left is marked.*
**14. NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**15. OTHER PROVISIONS** -

## SIGNATURES

By signing below, you agree to the terms of this Security Agreement.

| X *Pamela Ann Burrage* (SEAL) 07/20/2023 | X *Tyshonda Burrage* (SEAL) 07/20/2023 |
|---|---|
| OWNER OF PROPERTY                        DATE | OWNER OF PROPERTY                        DATE |
| X (SEAL) | X (SEAL) |
| ☐ OWNER OF PROPERTY  ☐ WITNESS        DATE | ☐ OWNER OF PROPERTY  ☐ WITNESS        DATE |

© CUNA MUTUAL GROUP, 1999, 2000, 01, 02, 05, 06, 08, ALL RIGHTS RESERVED                                                    NXX028 (LASER)

# CERTIFICATE OF TITLE

## STATE OF MISSISSIPPI

**ORIGINAL**

Form # 79-001

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER | TITLE TEXT (E.G. UNIT #) |
|---|---|---|---|---|---|---|
| 4T1G11AK9NU625011 | TOYT | 2022 | CAMRY | SD | MS0285656320 | |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO. CYL | NEW/USED | TYPE OF VEHICLE | ODOMETER - NO TENTHS |
|---|---|---|---|---|---|
| 08/10/2023 | | 4 | USED | PC | 39491 ACTUAL |

**OWNER(S)**
BURRAGE, PAMELA A
4524 HIGHWAY 39 N APT B10
MERIDIAN MS 39301-1049

**BRANDS**

**BENEFICIARY**

**1ST LIENHOLDER**
MUNA FEDERAL CREDIT UNION
4400 HIGHWAY 39 N
MERIDIAN MS 39301-1009

**DATE:** 07/20/2023

**2ND LIENHOLDER**

**DATE:**

**MAIL TO**

MUNA FEDERAL CREDIT UNION
PO BOX 3338
MERIDIAN MS 39303-3338

M208-7



**LIEN SATISFACTION:** THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF.

1ST LIEN _____ (LIENHOLDER)  BY _____ (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20 ___

2ND LIEN _____ (LIENHOLDER)  BY _____ (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20 ___

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS
THE 10TH DAY OF AUGUST 20 23

The Mississippi Department of Revenue hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the Mississippi Department of Revenue. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63-21-1, Mississippi Code of 1972, and subject to the provisions thereof.

CONTROL NUMBER
04409806

MISSISSIPPI DEPARTMENT OF REVENUE

VOID IF ALTERED

# Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline
United States Bankruptcy Court Southern District of Mississippi

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Pamela Ann Burrage | Social Security number or ITIN 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 |
| | First Name  Middle Name  Last Name | EIN __-_____ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN ____ |
| | | EIN __-_____ |
| United States Bankruptcy Court for the Southern District of Mississippi | | |
| Case number: 25-03062-KMS | | Date case filed for chapter 7  12/2/25 |

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.uscourts.gov).

The staff of the bankruptcy clerk's office cannot give legal advice.

Cell Phones and other electronic devices are generally not allowed in the courthouses of this District. For more information visit www.mssb.uscourts.gov.

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | Pamela Ann Burrage | |
| 2. | All other names used in the last 8 years | | |
| 3. | Address | 4524 Hwy 39 N Apt C64 Meridian, MS 39301 | |
| 4. | Debtor's attorney Name and address | Thomas Carl Rollins Jr The Rollins Law Firm, PLLC PO BOX 13767 Jackson, MS 39236 | Contact phone 601-500-5533 Email trollins@therollinsfirm.com |
| 5. | Bankruptcy trustee Name and address | Derek A Henderson T1 1765-A Lelia Drive Suite 103 Jackson, MS 39216 | Contact phone 601-948-3167 Email trustee@derekhendersonlaw.com |

For more information, see page 2 >

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline** (12/15)    page 1

| Debtor Pamela Ann Burrage | | Case number 25-03062-KMS |
|---|---|---|
| **6. Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.uscourts.gov. | Thad Cochran U.S. Courthouse<br>501 E. Court Street<br>Suite 2.300<br>Jackson, MS 39201 | **Office Hours:**<br>Monday – Friday 8:00 AM – 5:00 PM<br><br>Contact phone 601-608-4600<br><br>Date: 12/2/25 |
| **7. Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | January 22, 2026 at 10:00 AM<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Trustee: Derek A Henderson T1 Zoom video meeting. Go to zoom.us/join, enter Meeting ID 737 172 4879 and Passcode 9305294709 , OR call 769-219-3337.<br><br>For additional meeting information go to www.justice.gov/ust/moc |
| **8. Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | Insufficient information has been filed to date to permit the clerk to make any determination concerning the presumption of abuse. If more complete information, when filed, shows that the presumption has arisen, creditors will be notified. | |
| **9. Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline:** 3/23/26 |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10. Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline (12/15)**        page 2